**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

LINDA MOORE,

Plaintiff,

v. Case no.:

EQUIFAX INFORMATION SERVICES LLC
and FIRSTPOINT COLLECTION
RESOURCES, INC.,

Defendants.
_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, LINDA MOORE (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and FIRSTPOINT COLLECTION RESOURCES, INC. (hereinafter "FirstPoint") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC, Trans Union LLC, and Experian Information Solutions, Inc. (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, *Supervisory Highlights Consumer Reporting Special Edition* 21 (Issue 14, March 2, 2017).

6. This is a "mixed file" case: the collection account at issue actually belongs to a different consumer who happens to share Plaintiff's first and last name,

and Defendants repeatedly verified that account as belonging to Plaintiff despite readily available information establishing that it did not.

## JURISDICTION, VENUE, AND PARTIES

7. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

9. Venue is proper in this District because Equifax's principal place of business is located in this District. The investigations of Plaintiff's disputes described herein were conducted in this District, and Defendants transact business within this District.

10. Plaintiff is a natural person and resident of Guilford, Maine.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

12. Equifax is a corporation with its principal place of business in Atlanta, Georgia, located within this District, at 1550 Peachtree Street NW, Atlanta, Georgia 30309 and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

13. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

14. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

15. FirstPoint is a debt collection agency and "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2. FirstPoint principal place of business is 225 Commerce Place, Greensboro, North Carolina 27401 and is authorized to do business in the State of Georgia through its registered agent, CT Corporation System, located at 289 S Culver St, Lawrenceville, GA 30046.

16. FirstPoint furnished information about Plaintiff to Equifax which was inaccurate.

## FACTUAL ALLEGATIONS

17. Plaintiff is believed to be the victim of a Mixed Credit File.

18. Earlier this year, Plaintiff noticed a drop in her credit score after checking Credit Karma. Upon investigation, Plaintiff discovered that a collection account placed by FirstPoint, with an original creditor of National General Insurance, had been added to her Equifax credit report.

19. Plaintiff has never had an business with, or insurance policy with, National General Insurance and has instead been insured through Progressive Insurance for approximately the past fifteen (15) years.

20. Plaintiff submitted a dispute regarding the FirstPoint collection account. In response, Plaintiff received a packet from National General Insurance which revealed that the underlying insurance policy belonged to a different individual who also happens to also be named Linda Moore.

21. The documents National General Insurance provided identified the other Linda Moore by a Virginia driver's license and a different date of birth — both of which are different than Plaintiff's. The policy also listed a Virginia address with which Plaintiff has never been associated.

22. The documents further revealed that the underlying policy was for a 2001 Mercury Sable, a vehicle Plaintiff has never owned.

23. Plaintiff contacted National General Insurance for additional information but was informed that National General Insurance could not disclose further details without the other Linda Moore's consent.

24. Plaintiff located and contacted the other Linda Moore and obtained her consent for National General Insurance to release further information regarding the policy.

25. With that consent, National General Insurance confirmed that the policy for the 2001 Mercury Sable, the FirstPoint collection account, belonged to the other Linda Moore and not to Plaintiff.

26. Notwithstanding the foregoing, Plaintiff had already previously provided proof of her Progressive Insurance coverage and identification documents to both National General Insurance and Equifax to have the erroneous FirstPoint collection account removed from her credit file, but the account was not removed.

27. On or about May 14, 2026, FirstPoint sent Plaintiff another letter purporting to "verify" that Plaintiff was the party responsible for the debt — a verification that was false, as the debt in fact belonged to a different individual.

28. On or about May 18, 2026, Plaintiff filed a police incident report with the Piscataquis County Sherrif's Office (824512) concerning the erroneous FirstPoint collection account appearing on her credit report.

29. Around this same time Plaintiff also began disputing the clearly mixed FirstPoint account with Equifax and provided Equifax with the information that FirstPoint had mixed her up with another individual of a similar name and to please remove the false account from her credit report.

30. On or about May 26, 2026, Plaintiff received Equifax's response to her dispute and was stunned to see somehow Equifax had verified the account as

accurate, despite the readily discoverable mismatch between Plaintiff's identifying information and that of the true debtor.

31. On or about June 2, 2026, Plaintiff again received results from Equifax verifying yet again the clearly false FalsePoint account appearing on her credit report.

32. On or about June 22, 2026, Plaintiff mailed a detailed dispute letter to Equifax (9589 0710 5270 3303 4143 66) disputing the FirstPoint account and enclosing substantial supporting documentation demonstrating that the account did not belong to Plaintiff, including, among other things: driver information from National General Insurance identifying the true debtor's information; proof of Plaintiff's own Progressive Insurance coverage for the periods September 2021 through March 2022 and March 2026 through September 2026; Plaintiff's driver's license and Social Security card; Plaintiff's police incident report and Sheriff's response and a screenshot of the erroneous account on her cedit.

33. On or about June 29, 2026, Plaintiff was please to finally receive results from Equifax indicating that the FirstPoint account was no longer reported on her credit file.

34. Although the FirstPoint account has since been deleted from Plaintiff's Equifax credit file, it was inaccurately verified as accurate by Equifax on at least two separate occasions — May 26, 2026 and June 2, 2026.

35. Equifax failed to conduct any meaningful independent investigation into Plaintiff's disputes, but rather parroted information it received from FirstPoint.

36. Equifax never attempted to contact Plaintiff during its purported reinvestigations.

37. Upon information and belief, Equifax notified FirstPoint of Plaintiff's disputes; however, FirstPoint failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigations, twice verifying the account as accurate.

38. If at any point during the reinvestigation process, Defendants had conducted a reasonable investigation, the results would have been different, and the erroneous account would have been removed from Plaintiff's credit file much sooner than it was.

39. Other individuals have lodged complaints similar to the Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits

40. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost by attempting to fix her credit, including postage, wasted ink and paper, and wasted time;

ii. Loss of time attempting to cure the error, including time spent locating and contacting the other Linda Moore and National General Insurance;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

iv. Damage to her credit standing and reputation while the FirstPoint account was verified and reporting on her credit file; and

v. Apprehensiveness to apply for credit due to the fear of rejection;.

vi. Defamation as Plaintiff's information has been published by Defendants to third parties including but not limited to FICO to calculate Plaintiff's credit score.

## COUNT I

### Violations of 15 U.S.C. § 1681e(b) as to Defendant, Equifax Information Services LLC (Negligent)

41. Plaintiff re-alleges and reincorporates paragraphs one (1) through forty (40) above as if fully stated herein.

42. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

43. Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

44. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, damage to her credit standing; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

45. The conduct, action and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

46. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, LINDA MOORE, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II

**Violations of 15 U.S.C. § 1681e(b) as to**

**Defendant, Equifax Information Services LLC (Willful)**

47. Plaintiff re-alleges and reincorporates paragraphs one (1) through forty (40) above as if fully stated herein.

48. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

49. Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

50. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, damage to her credit standing; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

51. The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

52. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, LINDA MOORE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III

### Violation of 15 U.S.C. § 1681i as to Defendant, Equifax Information Services LLC (Negligent)

53. Plaintiff re-alleges and reincorporates paragraphs one (1) through forty (40) above as if fully stated herein.

54. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to conduct a lawful reinvestigation; (ii) failing to delete or correct inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and (iiii) relying upon verification from a source it knew or should have known was unreliable.

55. Despite the documentation produced by Plaintiff demonstrating that the FirstPoint account did not belong to her, Equifax refused to conduct any independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to FirstPoint, twice verifying the account as accurate before it was ultimately deleted.

56. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of time; financial loss; damage to her credit standing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

57. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

58. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, LINDA MOORE, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV

### Violation of 15 U.S.C. § 1681i as to Defendant, Equifax Information Services LLC (Willful)

59. Plaintiff re-alleges and reincorporates paragraphs one (1) through forty (40) above as if fully stated herein.

60. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to conduct a lawful reinvestigation; (ii) failing to delete or correct inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and (iiii) relying upon verification from a source it knew or should have known was unreliable.

61. Despite the documentation produced by Plaintiff demonstrating that the FirstPoint account did not belong to her, Equifax refused to conduct any independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to FirstPoint, twice verifying the account as accurate before it was ultimately deleted.

62. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of time; financial loss; damage to her credit standing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

63. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

64. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, LINDA MOORE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V

### Violation of 15 U.S.C. § 1681s-2(b) as to Defendant, FirstPoint Collection Resources (Negligent)

65. Plaintiff re-alleges and reincorporates paragraphs one (1) through forty (40) above as if fully stated herein.

66. FirstPoint furnished inaccurate account information to Equifax, and through Equifax to Plaintiff's potential creditors and lenders.

67. After receiving Plaintiff's disputes, FirstPoint violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same, including the readily available information showing that the account belonged to a different individual; (iii) failing to accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the account to Equifax.

68. Plaintiff provided FirstPoint and Equifax with the relevant information and documents necessary for FirstPoint to have identified that the account did not belong to Plaintiff, yet FirstPoint verified the account as accurate on at least two occasions.

69. FirstPoint knowingly chose to follow procedures which did not review, confirm, or verify that the account belonged to Plaintiff, including sending Plaintiff a letter on or about May 14, 2026 falsely "verifying" that she was the responsible party.

70. As a direct result of this conduct, action, and/or inaction of FirstPoint, Plaintiff suffered damages, including without limitation, loss of time; financial loss; damage to her credit standing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

71. The conduct, action, and inaction of FirstPoint was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

72. Plaintiff is entitled to recover costs and attorney's fees from FirstPoint in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, LINDA MOORE, respectfully requests that this Court award actual damages against Defendant, FIRSTPOINT COLLECTION

RESOURCES; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI

### Violation of 15 U.S.C. § 1681s-2(b) as to Defendant, FirstPoint Collection Resources (Willful)

73. Plaintiff re-alleges and reincorporates paragraphs one (1) through forty (40) above as if fully stated herein.

74. FirstPoint furnished inaccurate account information to Equifax, and through Equifax to Plaintiff's potential creditors and lenders.

75. After receiving Plaintiff's disputes, FirstPoint violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same, including the readily available information showing that the account belonged to a different individual; (iii) failing to accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the account to Equifax.

76. Plaintiff provided FirstPoint and Equifax with the relevant information and documents necessary for FirstPoint to have identified that the account did not

belong to Plaintiff, yet FirstPoint verified the account as accurate on at least two occasions.

77. FirstPoint knowingly chose to follow procedures which did not review, confirm, or verify that the account belonged to Plaintiff, including sending Plaintiff a letter on or about May 14, 2026 falsely "verifying" that she was the responsible party.

78. As a direct result of this conduct, action, and/or inaction of FirstPoint, Plaintiff suffered damages, including without limitation, loss of time; financial loss; damage to her credit standing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

79. The conduct, action, and inaction of FirstPoint was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

80. Plaintiff is entitled to recover costs and attorney's fees from FirstPoint in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, LINDA MOORE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, FIRSTPOINT COLLECTION RESOURCES; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, LINDA MOORE, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC and FIRSTPOINT COLLECTION RESOURCES; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 18th day of August, 2026.

Respectfully Submitted,

*/s/ Octavio Gomez, Esq.*
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
501 E Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com

Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*